**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>APOLINAR GUTIERREZ-HERNANDEZ,<br><br>Defendant - Appellant. | No. 15-50163<br><br>D.C. No. 3:13-cr-02582-LAB<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>APOLINAR GUTIERREZ-HERNANDEZ,<br><br>Defendant - Appellant. | No. 15-50164<br><br>D.C. No. 3:15-cr-00128-LAB |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 8, 2016[**]
Pasadena, California

Before: VANASKIE,[***] MURGUIA, and WATFORD, Circuit Judges.

**1.** In No. 15-50164, Apolinar Gutierrez-Hernandez challenges his conviction for attempted reentry of a removed alien. Neither of the arguments he raises provides a basis for reversal.

First, none of the prosecutor's statements during closing argument constituted error, much less plain error. The prosecutor did not ask the jury to consider the verdict's social ramifications or urge the jury to convict Gutierrez-Hernandez for reasons "wholly irrelevant" to his guilt or innocence, such as "to protect community values, preserve civil order, or deter future lawbreaking." *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011) (citation omitted). Nor did the prosecutor's statements dilute the government's burden of proof or attempt to shift the burden of proof to the defendant. *See United States v. Segna*, 555 F.2d 226, 230 (9th Cir. 1977). Finally, contrary to Gutierrez-Hernandez's contention, the prosecutor did not vouch for the strength of the government's case.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The prosecutor never assured the jurors about the strength of the government's evidence or suggested to them that other information not presented at trial supported the government's position. *See United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013).

Even if any of the prosecutor's statements were improper, they did not affect Gutierrez-Hernandez's "substantial rights" or "the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (citation omitted). Gutierrez-Hernandez contends that had the prosecutor not made the challenged statements, the jury would likely have found reasonable doubt as to his alienage, the sole issue in dispute. But the government presented strong evidence that Gutierrez-Hernandez was not a U.S. national—namely, his admission during his arrest that he was a Mexican national, and his admission in two prior court proceedings that he was not a U.S. national.

Second, the district court did not err by using the Ninth Circuit's model jury instruction on reasonable doubt. We have repeatedly upheld this instruction against challenges similar to those raised by Gutierrez-Hernandez here. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1198 n.4 (9th Cir. 2015).

**2.** In No. 15-50163, Gutierrez-Hernandez filed a notice of appeal from the district court's judgment that he violated the terms of his supervised release. In his

opening brief, however, he has abandoned any challenge to the revocation of his supervised release.

**AFFIRMED.**